## LANKFORD'S ADM'R *vs.* BARRETT.

[STATUTORY ACTION BY ADMINISTRATOR TO RECOVER DAMAGES FOR INTESTATE'S DEATH.]

1. *Merger of civil action in felony.*—The common-law doctrine, as to the merger of a civil action in a felony, does not apply to a statutory action (Code, § 1938) by an administrator to recover damages for the wrongful act or omission which caused the death of his testator.

APPEAL from the Circuit Court of Bibb.

The record does not show the name of the presiding judge.

THIS action was brought by the administrator of Jesse Lankford, deceased, against Walter Barrett ; and the complaint was as follows :

"David Lankford, as administrator of Jesse Lankford, deceased, plaintiff, claims of Walter Barrett, the defendant,

the sum of $3,000 damages, for a wrongful assault and battery by said defendant unlawfully committed, with force and arms, upon the body of the said Jesse Lankford in his lifetime, to-wit, on the 7th day of August, 1854 ; by means and by reason of which aforesaid wrongful act, the death of the said Jesse Lankford was then and there caused. And plaintiff avers, that the said Jesse Lankford, if he had lived, could have maintained an action against the said defendant, for the said wrongful act ; and that the yearly income of the said Jesse Lankford in his lifetime was of great value, and amounted to a large sum, to-wit, the value and amount of $3,000."

The defendant demurred to the complaint, because (*inter alia*) " it does not aver that the defendant has been criminally prosecuted for the wrongful killing of said Jesse Lankford." The court sustained the demurrer, and its decision is now assigned as error.

J. R. Jоны and Wm. M. Brooks, for the appellant.— The common-law doctrine of merger does not apply to this action, which is a purely statutory remedy, unknown to the common law ; nor do the reasons and policy of the doctrine apply. The rule was founded on the policy of the law that felons should be brought to justice, and superadded the strong motive of self-interest as an additional inducement to the prosecution, while taking away from the injured person, who was presumed to be best acquainted with the transaction, and therefore best prepared to conduct the prosecution, all motive to compound the felony. But where the injured party is dead, the reason of the law ceases ; and, *cessante ratione, cessat etiam lex.* To apply the doctrine of merger to this statutory action, would, in a great majority of instances, render the remedy totally valueless ; for, while the statute requires the action to be brought within twelve months, it is a well-known fact, that cases of homicide are seldom (if ever) terminated within that period. But the terms of the statute do not require or justify such a construction : it is expressly provided, that the action may be brought " at any time" within twelve months after the death ; and the provisions of the subsequent sections show that the prosecution has nothing

to do with the action. The fact that, in England, and in some of the United States, the doctrine of merger has never been applied to actions under similar statutes, is persuasive to show that it does not apply. For analogous cases, see Carey and Wife v. Berkshire Railroad Co., 1 American Railroad Cases, 442; Baker v. Bailey, 16 Barbour, 54; Blake v. Midland Railroad Co., 10 English Law and Equity, 437.

I. W. GARROTT, *contra.*—Under the law which existed prior to the adoption of the Code, it is clear that, without a previous prosecution of the felony, the action could not have been maintained.—Martin v. Martin, 25 Ala. 201; Blackburn v. Minter, 22 Ala. 614; Middleton v. Holmes, 3 Porter, 424; Morgan v. Rhodes, 1 Stewart, 70; McGrew v. Cato, Minor, 8. There is nothing in the Code which shows that the legislature intended to repeal or interfere with this principle, while they must be presumed to have had knowlegde of it. If it had been intended that the principle should not apply to actions like this, it would have been easy to declare it in express terms. Every reason, which could be urged in support of the doctrine, applies with full force to such actions. The terms of the statute, too, favor the idea that the principle is retained. Section 1938 authorizes the administrator to maintain the action, *provided* the deceased, if he had lived, could have maintained an action for the same act or omission. The plaintiff's intestate in this case, if he had lived, could not have maintained a civil action for the injury, without a previous prosecution for the criminal offense; and it seems to follow that the administrator is equally required to prosecute criminally. Section 1940, while providing that the action may be maintained, where the defendant has been prosecuted, irrespective of his conviction or acquittal, implies that the prosecution is necessary.

WALKER, J.—This suit is predicated upon section 1938 of the Code, which is in the following words: "When the death of a person is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action against the latter, *at any time within one year* thereafter, if the former could have maintained an action

against the latter, for the same act or omission, had he lived." The provision that the action under this statute *must* be brought *within twelve months* from the death of the injured person, and may be brought *at any time* within the twelve months, precludes an application to the action of the common-law doctrine of merger. The representative is permitted by the statute to sue at any time after the death, within twelve months. If he is required to prosecute the offender criminally before action brought, he certainly would not be permitted to bring the suit *at any time within* twelve months. It is thus clear that, to require such a prosecution, previous to the action, would abrogate a right conferred by the statute. The statute prescribes twelve months *from the death*, as the period within which the suit must be brought. If the suit cannot be brought until there is a criminal prosecution terminated, we should have the absurdity of a statute of limitations running against an action before the party had a right to commence it. The statute might, and in most instances would, perfect a bar to the action, before the law permitted the party to bring the suit. For these reasons, we decide, that the statute, by its terms, forbids the requisition from the representative of the deceased of an antecedent criminal prosecution, and that the court below erred in sustaining the demurrer to the appellant's complaint.

The judgment of the court below is reversed, and the cause remanded.